Dudley  H.  Beadle,  Respondent,  v.  Henry  A.  Monroe,
Appellant.

*Lease of land on a lake shore construed — rent regulated by the number of boats
using the premises.*

A clause in a lease of land on a lake shore was to the effect that the lessee should
pay ten dollars annually "for every boat on said premises engaged in the net-
fishing business."

*Held,* that this was unambiguous and plainly obligated the lessee to pay for all
the boats which, with his consent, occupied the premises for net fishing, no
matter who owned them.

On the trial, in a Justice's Court, of a summary proceeding instituted by the
lessor, for the possession of the land and for rent, the defendant, the lessee, was
permitted to testify that he did not owe the rent claimed by the plaintiff.

*Held,* that this evidence was incompetent and improper, and probably influenced
the jury in finding a verdict for the defendant.

Appeal by the defendant, Henry A. Monroe, from a judgment of
the County Court of Chautauqua county, entered in the office of the
clerk of that county on the 23d day of April, 1892, in favor of the
plaintiff, reversing, on appeal, a judgment in favor of the defendant
rendered in a Justice's Court.

*S. W. Mason,* for the appellant.

*H. C. Kingsbury,* for the respondent.

Lewis, J. :

The plaintiff, by a written agreement, leased to the defendant a
lot of land in Chautauqua county, having a frontage of sixty feet
upon Lake Erie, and extending back a sufficient distance to accom-
modate the tenant's business of storing and selling ice and the busi-
ness of net fishing, including accommodation for fishing boats.

The tenant agreed to pay for the use of the premises twenty-five
dollars a year in case he was able to secure ice for public patronage,
and in addition thereto ten dollars annually "for every boat on said
premises engaged in the net-fishing business."

The controversy between the parties is over the clause of the
lease relating to the use of the premises by boats.

The tenant failed to obtain ice, and, therefore, did not use the
premises for that purpose.

The evidence tended to show that he occupied the lot with but one boat belonging to himself ; the owners of the three other boats engaged in net fishing, however, occupied the lot from time to time with their boats, and for drying their fishing nets, with the knowledge and consent of the defendant.

The defendant purchased the fish which the owners of these three boats caught that season.

The defendant paid ten dollars for the use of the lot for his own boat, but refused to pay for the use of the lot by the three boats belonging to the other fishermen, and the plaintiff instituted summary proceedings to recover the possession of the lot and the thirty dollars rent.

The defendant was called as a witness, and offered to testify to a conversation he had with the plaintiff at the time the lease was executed, with a view of showing what the parties intended by the clause in the lease relating to the use of the premises by the boats.

The plaintiff objected, the objection was overruled, and the witness testified that when the plaintiff read the lease to him, before it was executed, he objected to this boat clause, and informed the plaintiff that he had but one boat, and that he did not like the clause in reference to pay for the use of the lot by boats engaged in fishing ; but notwithstanding his objections, signed the lease.

He testified that he used the lot for but one boat that he owned or had any interest in.

This evidence in no manner tended to alter or explain the lease.

The lease stated in plain and unambiguous language that the defendant was to pay ten dollars rent for every boat on the premises engaged in the net-fishing business.

This obligated him to pay for all the boats which occupied the lot with his consent, no matter who the owner was.

The defendant was permitted, over the objection of the plaintiff, to testify that he did not owe the rent claimed by the plaintiff.

This evidence was incompetent and improper, and quite likely influenced the jury in finding a verdict for the defendant. The evidence quite clearly established the plaintiff's claim, and we agree with the County Court that errors were committed upon the trial before the justice, requiring a reversal of the justice's judgment.

The judgment of the County Court appealed from should be affirmed, with costs.

All concurred.

Judgment of the County Court of Chautauqua county appealed from affirmed, with costs.